Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3527 | **DATE** | 2/2/2004 |
| **CASE TITLE** | Beard vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting in part and denying in part defendant's motion (20-1) to partially dismiss plaintiff's amended complaint. Plaintiff's prayer for punitive damages is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/2/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LISA M. BEARD, )
)
    Plaintiff, )
)
v. ) No. 03 C 3527
)
CITY OF CHICAGO, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Lisa M. Beard, an African-American female who suffers from major depression, was employed as a paramedic for the City of Chicago Fire Department ("CFD") from April 1, 1993 until her termination on November 14, 2002. Ms. Beard's complaint against defendant City of Chicago ("City") alleges violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a), (Count I); race discrimination in violation of Title VII, 42 U.S.C. § 2000e et seq., (Count II); sex discrimination in violation of Title VII, (Count III); race discrimination in violation of 42 U.S.C. § 1981 (Count IV); violation of 42 U.S.C. § 1983 (Count V); and intentional infliction of emotional distress (Count VI). The City moves to dismiss Counts IV, V, and VI, as well as the prayer for punitive damages. I grant the motion in part.

I.

The City first moves to dismiss Counts IV and V, which allege violations of § 1981 and § 1983, respectively. On a motion to

dismiss, I accept all well-pleaded allegations in the complaint as true, *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997), and grant the motion only if the plaintiff can prove no set of facts to support the allegations in her claim. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998).

To allege a violation of her rights under either § 1981 or § 1983, Ms. Beard must allege "(1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) [her] constitutional injury was caused by a person with final policymaking authority." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Ms. Beard does not allege an express policy on the part of the City. However, her allegations are sufficient under the third *McCormick* factor to withstand a motion to dismiss.

II.

The City also moves to dismiss Count VI, a state law claim of intentional infliction of emotional distress. The City argues that the claim is preempted under the Illinois Human Rights Act ("IHRA"). 775 ILCS 5/1-101 *et seq*. "Under Illinois law, when the allegation on which a state law is based constitute a civil rights violation under the Illinois Human Right Act (IHRA), the tort is

preempted." *Westphal v. City of Chicago*, 8 F. Supp. 2d 809, 811-12 (N.D. Ill. 1998). The City argues that Ms. Beard's claim of intentional infliction of emotional distress is based solely on her allegations that the City discriminated against her on the basis of her disability, her sex, and race.

The IHRA states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than set forth in this Act." 775 ILCS 5/8-111(C). Discrimination based on a disability, race, or sex is prohibited by the IHRA, 775 ILCS 5/1-102(A). The Illinois Supreme Court has stated that if a state common law claim is "inextricably linked" to the allegation of discrimination, it is within the purview of the IHRA and must be brought in front of the Illinois Human Rights Commission. *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273, 1277 (Ill. 1994); *accord Maksimovic v. Tsogalis*, 687 N.E.2d 21 (Ill. 1997). To ascertain whether a common law claim is "inextricably linked" to a discrimination claim, I must determine whether Ms. Beard has alleged the elements of the common law claim "without reference to the legal duties created by the [IHRA]." *Maksimovic*, 687 N.E.2d at 23. In other words, there must still exist a foundation for the emotional distress claim even if the City's conduct was not discriminatory.[1] *Silk v. City of*

---

[1] Ms. Beard argues that the standard is that preemption does not apply when she does not claim that the City's actions were extreme and outrageous *because* they were in violation of the

3

*Chicago*, No. 95-C143, 1997 WL 790598, at *16-17 (N.D. Ill. Dec. 17, 1997).

Ms. Beard alleges that the City inflicted emotional distress on her in a number of ways: (1) presenting her with a "last chance agreement" after she tested positive for cocaine; (2) requiring her to reside in a halfway house for three months; (3) misleading her into thinking that if she fulfilled the terms of the "last chance agreement," she would be reinstated; (4) refusing to allow her to return to work; and (5) forcing her to apply for a pension. The only factual allegations that Ms. Beard presents solely for her emotional distress claims are that the City had the intent to inflict emotional distress on Ms. Beard and that the City's conduct was extreme and outrageous. Ms. Beard's claims depend on the theory that she was discriminated against because of her disability, race, and sex. If the conduct she alleges is not discriminatory, she has no basis for her claim of intentional infliction of emotional distress. Thus, Count VI is "inextricably linked" to her discrimination claims and must be dismissed.

III.

The City finally moves to strike Ms. Beard's prayer for punitive damages, arguing that municipalities are immune from punitive damages imposed under the civil rights laws. *See, e.g.,*

---

IHRA. This statement of the standard for preemption is not correct.

*Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). Ms. Beard concedes this point, and the prayer for punitive damages is stricken.

                                        **ENTER ORDER:**

                                        */s/ Elaine E. Bucklo*
                                        **Elaine E. Bucklo**
                                       United States District Judge

Dated: February 2, 2004